## THOMAS LUDENHAM v. DAVID RICHARDS, Executor.

Court of Common Pleas. April, 1796.

*Wilson's Red Book, 101.**

*Wilson* for plaintiff. *Peery* and *Bayard* for defendant.

---

* This case is also reported in *Bayard's Notebook*, 227, where it is dated 1798 and follows in order the dates of the cases in his notebook, but the account of the case in Wilson appears among the cases dated 1796.

Plaintiff produced an account drawn up against defendant's testator: and made oath it was the first entry of the charges, that a friend, he could not tell who, drew it up for him; that he could not write nor read writing, that it was just and true, and that he had received no satisfaction etc. That it was drawn up after testator's death, for it was paid upon a note upon which he expected it had been credited but was not.

*Bayard* and *Peery* objected that the account was not within the Act [1 Del.Laws.328]; it was not the best evidence, for the clerk should be produced who wrote the account.

*Wilson, contra.* To require the person who wrote the account, would be denying every illiterate man the benefit of the Act. In England the plaintiff cannot prove his account, but only his clerk; here the plaintiff's oath is received, and the clerk's is not required; by the Act it is immaterial who made the entries.

BASSETT, C. J. It is immaterial who reduced the account to writing; but this account was made too late, it would be a dangerous precedent to allow accounts to be made against people in their graves, and yet I acknowledge this is a hard case.

JOHNS, J. This is certainly not an account regularly and fairly kept within the Act of Assembly.

I then directed the clerk to call the jury, and, refusing to answer, suffered a nonsuit.